FILED
2005 Mar-08 AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| STEVE STRICKLAND, as Personal Representative of the Estate of Arnold Strickland, and HENRY MEALER, as Personal Representative of the Estate of Ace Mealer, <br><br> Plaintiffs, <br><br> v. <br><br> SONY CORPORATION OF AMERICA; SONY COMPUTER ENTERTAINMENT, INC.; SONY COMPUTER ENTERTAIN-MENT AMERICA, INC.; TAKE-TWO INTERACTIVE SOFTWARE, INC.; WAL-MART STORES, INC.; GAMESTOP, INC.; DEVIN MOORE; et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. _____ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Take-Two Interactive Software, Inc. ("Take-Two") hereby gives notice of the removal of this action from the Circuit Court of Fayette County, Alabama, where it is now pending, to the United States District Court for the Northern District of Alabama, Jasper Division. As grounds for this removal, Take-Two shows unto the Court the following:

1.  The Plaintiffs, Steve Strickland, as Personal Representative of the Estate of Arnold Strickland, and Henry Mealer, as Personal Representative of the Estate of Ace Mealer ("Plaintiffs"), commenced this action against Take-Two and the other Defendants, Sony Corporation of America ("SCA"), Sony Computer Entertainment, Inc. ("SCEI"), Sony Computer Entertainment America, Inc. ("SCEA"), Wal-Mart Stores, Inc. ("Wal-Mart"), Gamestop, Inc.

("Gamestop") (collectively, the "Corporate Defendants") and Devin Moore ("Moore") in the Circuit Court of Fayette County, Alabama on or about February 14, 2005.

2. Plaintiffs' Complaint purports to allege various causes of action against the Corporate Defendants, including negligence, violation of the Alabama Extended Manufacturer's Liability Doctrine, outrage, misrepresentation, suppression, nuisance, and violations of Alabama and federal law in connection with the development and sale of certain video games.

3. On February 23, 2005, Plaintiffs filed a First Amendment to Complaint, which removed John B. Thompson and Raymond A. Reiser as attorneys of record and signatories on the Complaint. Plaintiffs' Complaint remained unchanged in all other respects.

4. Take-Two, SCA, SCEI, SCEA and Wal-Mart received a copy of the Complaint on February 17, 2005. On information and belief, neither Gamestop nor Moore has been served with or otherwise received a copy of the Complaint.

5. This Notice of Removal is timely because it is filed within thirty (30) days after receipt by service or otherwise of the Summons and Complaint. *See* 28 U.S.C. 1446(b).

6. Copies of all records and proceedings from the Circuit Court of Fayette County, Alabama are attached hereto as Exhibit "A."

7. The United States District Court for Northern District of Alabama, Jasper Division, is the federal judicial district and division embracing the Circuit Court of Fayette County, Alabama, where this action was originally filed. 28 U.S.C. §§ 81(a)(7), 1441(a).

8. This Court's jurisdiction over this action is based upon 28 U.S.C. § 1331, in that certain claims alleged in the Complaint arise under a federal statute. Plaintiffs allege that Defendants "violated or conspired to violate" … "federal 'sexual material harmful to minors' laws by designing, manufacturing, marketing, distributing, and/or selling these games to minors,

including Defendant Moore when he was a minor." (Complaint ¶¶ 113, 128, 143, 158.) The statutes at issue are 18 U.S.C. § 1470 and/or 47 U.S.C. § 231. Plaintiffs further allege that "[a] violation of this criminal statute confers liability upon this Defendant for the acts complained of herein." (Complaint ¶¶ 113, 128, 143, 158.) Those claims, which allegedly arise under the laws of the United States, are claims upon which the United States District Courts have original jurisdiction without regard to the citizenship or residence of Defendants. *See* 28 U.S.C. §§ 1331, 1441(b). This Court has supplemental jurisdiction over the state law claims alleged in the Complaint. *See* 28 U.S.C. § 1367.

9. Defendants SCA, SCEA, SCEI and Wal-Mart consent to and join in this Notice of Removal. (Copies of SCA's, SCEA's and SCEI's Consent To And Joinder In Notice Of Removal are attached as collective Exhibit "B." Defendant Wal-Mart's Consent To And Joinder In Notice Of Removal will be filed within thirty (30) days after Wal-Mart's receipt of the Complaint on February 17, 2005.)

10. Take-Two has provided Plaintiffs, by and through their counsel of record, with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d). Take-Two will cause a copy of this Notice of Removal to be timely filed with the Clerk of the Circuit Court of Fayette County, Alabama, where this action was pending.

11. All prerequisites to removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied.

DONE this _____ day of March, 2005.

Respectfully submitted,

/s/ Robert R. Baugh

Robert R. Baugh, Esq.
J. Rushton McClees, Esq.
Christopher S. Berdy, Esq.
Stephen R. Geisler, Esq.
Attorneys for Defendant Take-Two Interactive Software, Inc.

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
P. O. Box 55727
Birmingham, Alabama  35255-5727
Telephone:  205-930-5100
Facsimile:  205-930-5335

**BLANK ROME LLP**
James T. Smith, Esq.
Rebecca D. Ward, Esq.
One Logan Square
Philadelphia, Pennsylvania 19103
Telephone:  215-569-5500
Facsimile:  215-569-5555

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has been served upon the following counsel of record for all parties to this proceeding by facsimile and by mailing a copy of same by United States mail, first-class postage prepaid, this the 4 day of March, 2005:

Patrick Gray, Esq.
NELSON, DORROH, GRAY & NEWSOME, L.L.C.
2216 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 349-3449
Facsimile: (205) 345-5281

_____
Of Counsel