IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

STEVE STRICKLAND, et al.,

  PLAINTIFFS,

vs.            CASE NO. CV 05-J-479-J

SONY CORPORATION OF AMERICA,
et al.,

  DEFENDANTS.

## MEMORANDUM OPINION

Defendant Take-Two Interactive Software, Inc. ("Take-Two") filed a notice of removal (doc. 1), which this court has considered *sua sponte*. Defendant Take-Two removed this action from the Circuit Court of Fayette County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1331.[1] Defendants Sony Corporation of America, Sony Computer Entertainment, Inc., Sony Computer Entertainment America, Inc., Gamestop, Inc., and Wal-Mart Stores, Inc., joined in the notice of removal[2] (doc. 1 exhibit B and docs. 3-4).

---

[1] Diversity jurisdiction is not alleged.

[2] The notices of joinder submitted by Sony Computer Entertainment, Inc. and Sony Corporation of America as Exhibit B to the Notice of Removal are illegibly signed with the notation "On behalf of Sony Computer Entertainment, Inc.," and "On behalf of Sony Corporation of America, Inc.," respectively.  The court cannot determine whether the individual who signed this joinder is an attorney for this defendant, or merely a representative of the corporation.  The court notes that "[i]t is well settled that a corporation is an artificial entity which cannot appear pro se in legal proceedings but must be represented by counsel." *Federal*

The notice of removal asserts that this court has jurisdiction under 28 U.S.C. § 1331. Notice of Removal, ¶ 8. Defendants state that "certain claims alleged in the Complaint arise under a federal statute. Plaintiffs allege that Defendants 'violated or conspired to violate' ... 'federal 'sexual material harmful to minors' laws by designing, manufacturing, marketing, distributing, and/or selling these games to minors, including Defendant Moore when he was a minor." Notice of Removal, ¶ 8. Defendants cite the plaintiffs' complaint, ¶¶ 113, 128, 143 and 158, in support of this allegation. Defendants further state that the federal statutes at issue are 18 U.S.C. § 1470 and/or 47 U.S.C. § 231. Notice of Removal, ¶ 8.

The complaint in this case arises out of the murders of two police officers and a police dispatcher in Fayette County, Alabama. Complaint, ¶ 2. The plaintiffs are the representatives of the estates of two of these individuals. Paragraphs 3 through 63, 65-67, 71-74, 80 of the complaint have nothing to do with the issues before this court, and the court disregards them for purposes of this opinion. According to the complaint, the corporate defendants each designed, manufactured or distributed video games entitled *Grand Theft Auto III* and *Grand Theft Auto: Vice City*. Complaint, ¶¶ 68-70.

---

*Tade Commission v. Gem Merchandising Corp.*, 1995 WL 623168 (11th Cir.1995).

The plaintiffs allege that defendant Moore bought one of these games from defendant Gamestop and the other game from Wal-Mart. Complaint, ¶¶ 76-77, 83. The plaintiffs allege that the two games in question have an "M" rating, meaning they are for sale to individuals 17 years of age or older. Complaint ¶ 64. Further, plaintiffs allege defendants Wal-Mart and Gamestop did not have adequate policies to prevent the same of these games to minors, including the sale to defendant Moore while he was a minor. Complaint, ¶¶ 76, 77, 79. The plaintiffs allege these sales constituted criminal acts. Complaint, ¶ 82. The plaintiffs allege that after playing these two games, defendant Moore carjacked a car and was arrested in Fayette County, Alabama. Complaint, ¶ 85. As he was being booked after his arrest, defendant Moore seized Officer Strickland's handgun from its holster and shot and killed Officers Strickland and Crump as well as Dispatcher Mealer.[3] Complaint ¶ 87. The plaintiffs allege that defendant Moore responded to his arrest in accordance with the video games he had been playing. Complaint, ¶¶ 90-93. Plaintiffs further allege that, but for playing the games in question, defendant Moore would not have killed the three individuals. Complaint, ¶ 92.

---

[3] Paragraph 87 of the plaintiffs' complaint identifies Mr. Mealer as "Leslie Mealer." The style and ¶ 2 of the complaint identify him as "Ace Mealer."

Although difficult to ascertain from the plaintiffs' verbose complaint, the following claims seem to be made by plaintiffs:

Plaintiffs assert that defendant Moore breached the duty of care not to harm the three decedents, thus causing each of their wrongful deaths. Complaint, ¶¶ 102-104.

Plaintiffs asserts a claim of negligence against defendants Sony, Take-Two, Wal-Mart and Gamestop (the "corporate defendants") for designing, manufacturing, marketing and supplying of the games in question.[4] Complaint ¶¶ 106-110, 124-125, 138-140, 153-155. Plaintiffs also assert a claim against these defendants under the Alabama Extended Manufacturers Liability Doctrine. Complaint, ¶¶ 112, 127, 142, 157. Further, plaintiffs assert claims for wantonness and/or willfulness, the tort of outrage, misrepresentation, suppression and nuisance. Complaint, ¶¶ 115-119, 130-134, 145-150, 160-164.

Additionally, plaintiffs allege that the corporate defendants "violated or conspired to violate Alabama's 'sexual material harmful to minors' law, as well as federal 'sexual material harmful to minors' laws ... A violation of this criminal statute confers liability upon this Defendant for the acts complained of herein." Complaint, ¶¶ 113, 128, 143, 158.

---

[4] Although plaintiffs list three separate "Sony" entities in their complaint, the claims are made against "Sony," without reference to any of the three specific entities.

In order to exercise jurisdiction, this must be a case over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The only possible basis for this court to have jurisdiction under 28 U.S.C. § 1331 is for some claim in the plaintiffs' complaint to "aris[e] under the Constitution, laws, treaties of the United States." 28 U.S.C. § 1331. Defendants assert that the plaintiffs' allegations in paragraphs 113, 128, 143 and 158 arise under federal law. Defendants specify 18 U.S.C. § 1470 and U.S.C. § 231 as the federal laws under which these claims arise. No specific federal statutes are referenced in plaintiffs' complaint. Rather, plaintiffs make only a vague assertion stated above, that the defendants' actions "violated or conspired to violate Alabama's 'sexual material harmful to minors' law, as well as federal 'sexual material harmful to minors' laws ... A violation of this criminal statute confers liability upon this Defendant for the acts complained of herein." Complaint, ¶¶ 113, 128, 143, 158. No further explanation is given by the plaintiffs and no further identification is given for the language "this criminal statute confers liability." Therefore, the court considers whether the two federal statutes alleged by defendants to create federal question jurisdiction in this court do in fact do so.

In relevant part, those statutes are as follows:

> 47 U.S.C. § 231: Restriction of access by minors to materials commercially distributed ***by means of world wide web*** that are harmful to minors.
> a) Requirement to restrict access
>
> > (1) Prohibited conduct
> >
> > Whoever knowingly and with knowledge of the character of the material, in interstate or foreign commerce ***by means of the World Wide Web,*** makes any communication for commercial purposes that is available to any minor and that includes any material that is harmful to minors shall be fined not more than $50,000, imprisoned not more than 6 months, or both.
>
> ...
>
> (e) Definitions
> > For purposes of this subsection, the following definitions shall apply:
> >
> > (1) By means of the world wide web
> >
> > The term "by means of the World Wide Web" means by placement of material in a computer server-based file archive so that it is publicly accessible, over the Internet, using hypertext transfer protocol or any successor protocol.
>
> (7) Minor
> The term "minor" means any person under 17 years of age.

47 U.S.C.A. § 231 (emphasis added). The other statutory basis defendants claim creates jurisdiction here is 18 U.S.C. § 1470. That criminal code section states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both.

6

The court considers each of these statutes in turn.[5]

47 U.S.C. § 231 does not establish that any federal question is pending before this court in this case. The plaintiffs' complaint makes no mention of the Internet. However, the above quoted language is part of the Child Online Protection Act ("COPA"). As the code section suggests, it applies to "material that is harmful to minors" sent via the Internet. It has absolutely no bearing on the sale of a video game to a minor by a distributor in a traditional store, where the minor physically walks into a building, makes a purchase, and physically walks back out.[6]

Having determined that 47 U.S.C. § 231 cannot create federal question jurisdiction because it is inapplicable to the claims made by the plaintiffs, the court next considers whether the plaintiffs' cryptic reference to "federal 'sexual material

---

[5] The court takes note of the fact that each of these statutes defines a "minor" by stating a specific age. The plaintiffs complaint makes no specific reference to the age of defendant Moore other than that he was under the age of 17 at the time of the sale of the GTA games, which "constitutes a criminal act." Complaint, ¶ 82. However, the complaint does not allege whether Moore was under the age of 16 when the sales occurred, as required by the criminal statute referenced by defendants.

[6] The constitutionality of 47 U.S.C. § 231 has been called into question by the United States Supreme Court. In *Ashcroft v. American Civil Liberties Union,* 124 S.Ct. 2783, 2791 - 2792 (U.S.2004), in reviewing a preliminary injunction against the enforcement of the act, the Supreme Court stated:
> As the Government bears the burden of proof on the ultimate question of COPA's constitutionality, respondents must be deemed likely to prevail unless the Government has shown that respondents' proposed less restrictive alternatives are less effective than COPA. Applying that analysis, the District Court concluded that respondents were likely to prevail. *Id.,* at 496-497. That conclusion was not an abuse of discretion, because on this record there are a number of plausible, less restrictive alternatives to the statute.

harmful to minors' laws" in their complaint gives rise to removal jurisdiction as a claim "arising under" the statutes of the United States. *See* 28 U.S.C. § 1331.

Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed.2d 1214 (1941). All doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Not every allegation of federal law is proof that federal question jurisdiction exists. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 115, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Rather, federal jurisdiction is established through use of the well-pleaded complaint rule. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S.1, 10-11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In order for a case to be removable, the cause of action which makes the cause removable must be revealed "on the face" of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

The court must look to the allegations in the complaint that are necessary to state a claim, and assertions of defenses that raise federal issues are insufficient for jurisdictional purposes when the complaint itself does not plead federally-cognizable matters. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). Under the well-pleaded complaint rule, a suit arises under the Constitution and laws of the United States only when the plaintiffs' statement of their own causes of action show that those claims are based in those laws or that Constitution. *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003). "As a general rule ... a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id*.

As the master of their suit, the plaintiffs can avoid federal jurisdiction by relying exclusively on state law. *Rivet*, 522 U.S. at 475, 118 S.Ct. 921; *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986) (stating that because the well-pleaded complaint rule makes the plaintiff the master of the claim, a plaintiff may avoid federal jurisdiction by "exclusive reliance on state law." Thus, removal jurisdiction may not be sustained simply because a plaintiff could have asserted a federal claim instead of or in addition to the state claim advanced (citation omitted)). *See also Jairath v. Dyer*, 154 F.3d 1280, 1283 (11th Cir.1998) ("The instant case is closely analogous to *Merrell Dow*.

There, the Supreme Court found no federal-question jurisdiction where a state law cause of action incorporated as an element proof of the violation of a federal duty ... but where there was no private cause of action with respect to the federal duty"); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 818 (4th Cir.2004) ("Therefore, although Dixon's complaint does reference the First Amendment, none of its causes of action rely exclusively on a First Amendment violation to establish Coburg's liability [under state law]").

Here, defendants rely on one federal, criminal statute, not mentioned in the plaintiffs' complaint, to assert this court has jurisdiction. Even if the plaintiffs had referenced 18 U.S.C. § 1470 in their complaint, a criminal law creates no private right of action. Therefore plaintiffs do not state a claim upon which relief may be granted under this law. Examining this same issue, another District Court stated:

> The presence of a federal remedy in a statute is a minimum threshold requirement to determine whether Congress intended for federal courts to adjudicate state-court actions. Following controlling Fifth Circuit jurisprudence, "we begin with the minimum requirement that the federal statutes involved provide a private, federal remedy." *Willy v. Coastal Corp.,* 855 F.2d 1160, 1169 (5th Cir.1988)(citing *Merrell Dow,* 478 U.S. at 813-816, 106 S.Ct. 3229, 92 L.Ed.2d 650). Here, as in that case, no private remedy exists. That is the end of the issue, and has been since the Supreme Court decided *Merrell Dow.* "The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated." *Merrell Dow,* 478 U.S. at 812, 106 S.Ct. 3229, 92 L.Ed.2d 650.

*Burton v. Southwood Door Co., Mea, Inc,.* 305 F.Supp.2d 629, 634 (S.D.Miss.2003), (quoting *Brock v. Provident America Ins. Co.,* 144 F.Supp.2d 652, 657 (N.D.Tex.2001)). Plaintiffs have no right to bring a private right of action based on federal criminal laws. Therefore, plaintiffs do not, and indeed could not, claim a private remedy exists under 18 U.S.C. § 1470. The court finds that no cause of action stated by the plaintiffs "arises under" federal law.

The court's finding that no federal cause of action appears on the face of the plaintiffs' complaint does not end the analysis. In *Merrell Dow*, the Court held that "an exception to the 'well-pleaded complaint rule' exists when a 'substantial question of federal law' must be resolved before relief can be granted under the state law at issue. *Id.*, 478 U.S. at 808, 106 S.Ct. 3229. The court explained that "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id. See also Franchise Tax Board,* 463 U.S. 1, 9, 103 S.Ct. at 2846. However, the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction. *Merrell Dow*, 478 U.S. at 813, 106 S.Ct. 3229.

As the United States Supreme Court explained in *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 78 (1936):

> To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an

> essential one, of the plaintiff's cause of action.... The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.

*Id.* at 112.

Even assuming the criminal statute in question is the "federal 'sexual material harmful to minors' law" to which plaintiffs refer, this statute is not central to the plaintiffs' claims. No construction of 18 U.S.C. § 1470 is required. Rather, plaintiffs rely on defendants' violation of an unspecified, ambiguously phrased, "federal 'sexual material harmful to minors' law" as part of their state law claims. Asserting a violation of federal criminal law is not sufficiently substantial to confer federal question jurisdiction. *See, e.g.*, *Graham Commercial Realty, Inc. v. Shamsi*, 75 F.Supp.2d 1371, 1373 (N.D.Ga.1998), citing *Patterman v. The Travelers, Inc.*, 11 F.Supp.2d 1382 (S.D.Ga.1997).

The court finds that under the facts of this case, the plaintiffs' claims do not "really and substantially involve [] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Dunlap v. G &L Holding Group, Inc*, 381 F.3d 1285, 1290 (11th Cir.2004); citing *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir.1982). Even if plaintiffs had referred to a specific, applicable, federal law, this would still be insufficient to vest jurisdiction in this court. The Eleventh Circuit Court of Appeals has stated:

> The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction – the implicated federal issue must be *substantial*.... [I]t is now well established that federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state law cause of action....

*Dunlap*, 381 F.3d at 1291-1292 (emphasis in original, citations omitted).  In the facts before this court, the plaintiffs' claims do not require any construction of any federal statute, nor proof of violation of federal law.  The fact that defendant(s) may have violated an unspecified federal criminal law may add weight to the plaintiffs' claims, but it certainly is not an essential element of the plaintiffs' claims.  See *Dunlap*, 381 F.3d at 1292.

The court finds that the claims of the plaintiffs' complaint do not provide a basis for federal question jurisdiction.   The court is of the opinion that any federal question which arguably may appear in plaintiffs' complaint is insufficient to create jurisdiction in this court.  Therefore, the court shall remand this case to the Circuit Court of Fayette County, Alabama, by separate order.

**DONE** and **ORDERED** this the 15th day of March, 2005.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE